**RECEIVED**

JURY TRIAL DEMANDED

**JUL 2 9 2014**

**BY MAIL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

PAMELA ABNEY }
    Plaintiff, }
   }
   }
-vs- }
   }
   }
CITY OF ST. CHARLES, MO POLICE }
DEPARTMENT, OFFICER HANCOCK }
BADGE 343, CHIEF OF POLICE }
RANDALL D. MCKINLEY ST. }
CHARLES, MO POLICE DEPARTMENT, }
AND ST. CHARLES COUNTY, MO, }
    Defendants. }

**4 : 1 4CV001330 AGF**

Cause No:   4-

## COMPLAINT FOR DAMAGES AND JURY DEMAND

Comes now the Plaintiff, PAMELA ABNEY, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.**, and for her cause of action against the Defendants, CITY OF ST. CHARLES MISSOURI POLICE DEPARTMENT, OFFICER HANCOCK BADGE 343, CHIEF OF POLICE RANDALL D. MCKINLEY, ST. CHARLES MISSOURI POLICE DEPARTMENT, and ST. CHARLES COUNTY, MISSOURI allege and state as follows:

1.      At all relevant times herein, Pamela Abney ("Abney") was a resident of Saint Charles, St. Charles County, Missouri.

2.      At all relevant times herein, Officer Hancock, Badge 343, was an Officer with the City of St. Charles Police Department.

3.      On or about November 21, 2012, Officer Hancock of the City of St. Charles Police Department arrested the plaintiff, Pamela Abney upon charges of Assault 3rd on Law Enforcement Officer (Ordinance 215.600); Interfering with the Duties of a Police Officer (Ordinance 215.635); and Resisting Arrest (Ordinance 215.630).

1

JURY TRIAL DEMANDED

4.      After being discharged from the City of St. Charles Police Department, the plaintiff, Pamela Abney, was required to seek medical attention, wherein she was diagnosed with bodily injuries, including, but not limited to, a concussion and brain injury resulting from her interaction with the City of St. Charles Police Department and Officer Hancock.

5.      The charges for which the plaintiff, Pamela Abney, was arraigned were brought before the jurisdiction of City of Saint Charles, Municipal Court, under Ticket/Case No. 120312551, 120312553 and 120312554.

6.      At all times relevant herein, the plaintiff, Pamela Abney, was legally deaf in both her right and left ears in accordance with the Americans with Disabilities Act.

7.      Pursuant to 28 U.S.C. 1331, this matter is sufficient to invoke the original jurisdiction of the Eastern District of Missouri due to the allegations that the defendants, individually and/or collectively, have violated the United States Constitution and/or federal laws.

### COUNT I
### VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT
### IN CONTRADICTION OF 42 U.S.C. 12132

Comes now the Plaintiff, PAMELA ABNEY, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.**, and for her cause of action against the Defendants, CITY OF ST. CHARLES MISSOURI POLICE DEPARTMENT, OFFICER HANCOCK BADGE 343, CHIEF OF POLICE RANDALL D. MCKINLEY, ST. CHARLES MISSOURI POLICE DEPARTMENT, and ST. CHARLES COUNTY, MISSOURI allege and state as follows:

2

JURY TRIAL DEMANDED

8.     Plaintiff repeats and re-alleges the allegations contained in rhetorical paragraphs one (1) through seven (7) above, including sub-parts, as rhetorical paragraph eight (8) of Count I of this cause of action.

9.     Under the terms of the Americans with Disabilities Act, a disability is defined as a physical or mental impairment that substantially limits one or more major life activities of such individual and/or a record of such impairment.

10.     Under the terms of the Americans with Disabilities Act, major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

11.     On and before November 21, 2012, the plaintiff, Pamela Abney, was a disabled individual, possessing impairment to a major life activity, including, but not limited to, hearing.

12.     On and before November 21, 2012, the defendants, City of Saint Charles Police Department, St. Charles County, Missouri, and Officer Hancock, Badge 343, were classified as a "public entity" under the terms of Title II of the Americans with Disabilities Act.

13.     Under the terms of the Americans with Disabilities Act, a public entity means any state or local government and/or any department, agency, special purpose district or other instrumentality of a State or local government.

14.     On and before November 21, 2012, the defendant, City of Saint Charles Police Department, was a department, agency, special purpose district or other instrumentality of a State or local government under the terms of Title II of the Americans with Disabilities Act.

15.     On and before November 21, 2012, the defendant, St. Charles County, Missouri, was a state or local government under the terms of Title II of the Americans with Disabilities Act.

16.     Under the terms of the Americans with Disabilities Act, the term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices; the removal of architectural, communication, or transportation barriers; or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

17.     On and before November 21, 2012, the plaintiff, Pamela Abney, was a "qualified individual with a disability."

18.     On and before November 21, 2012, due to the plaintiff, Pamela Abney's, status as a disabled person and qualified individual with a disability, the defendants owed an affirmative duty and/or otherwise a duty to the plaintiff.

19.     On or about November 21, 2012, the defendants breached said duty owed to the plaintiff, thereby causing the plaintiff, Pamela Abney, personal and pecuniary injuries and, further, violating her rights under the Americans with Disabilities Act.

20.     On or about November 21, 2012, the defendants, City of Saint Charles Police Department; St. Charles County, Missouri; and/or Officer Hancock, Badge 343, owed a duty to the Plaintiff, Pamela Abney, to ensure that, under the terms of the Americans with Disabilities Act, no qualified individual with a disability, by reason of such disability, is excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such

entity, in a reasonable and prudent manner. Notwithstanding, the defendants breached their duty to the Plaintiff in one or more of the following respects:

    A. The defendants intentionally discriminated against the plaintiff on account of her deafness during the majority, if not all, of her encounters with the defendant, including, but not limited to, investigation, during and after arrest, and/or in the context of use of force against her by the defendants;

    B. The defendants breached their affirmative duty to the plaintiff to create policies or procedures to prevent discrimination and injury based on disability in violation of the Americans with Disabilities Act and the Rehabilitation Act;

    C. The defendants failed to follow their policies or procedures to prevent discrimination and injury based on disability in violation of the Americans with Disabilities Act and the Rehabilitation Act;

    D. The defendants knew that the plaintiff was deaf and yet refused to communicate with her in a way that the plaintiff could understand;

    E. The defendants failed to afford the plaintiff equal access to any and all public services afforded to the public by the defendant;

    F. The defendants failed to afford equally effective services to individuals with disabilities, including, but not limited to, the plaintiff, for any and all such public services afforded to the public by the defendant;

    G. The defendants failed to take appropriate steps to ensure that communications with applicants, participants and members of the public, including, but not limited to, the plaintiff, are as effective as communications with individuals of the public which do not possess a disability or are not otherwise a qualified individual with a

disability under the terms of the Americans with Disabilities Act and/or the Rehabilitation Act;

H.    The defendants failed to furnish appropriate auxiliary aids and services where necessary to afford an individual, including, but not limited to, one with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity conducted or otherwise performed by a public entity;

I.    The defendants failed to give primary consideration to the requests of the individual which possessed the disability, including, but not limited to, the plaintiff;

J.    The defendants, despite the plaintiff's disabled condition and status as a qualified individual with a disability under the terms of the Americans with Disabilities Act and/or the Rehabilitation Act, maintained a systematic and continuous deliberate indifference towards the plaintiff;

K.    The defendants formulated, implemented, and exercised business practice, policies and procedures for their own benefit in breach of their duty owed to and contrary to the interest of the plaintiff and other disabled individuals seeking the services of the defendants which are willfully oppressive, malicious, grossly negligent and/or reckless; and

L.    The defendants failed to use the same due care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

21.    As a direct and proximate result of the aforementioned acts and omissions by the defendants, the plaintiff was injured and sustained permanent and severe personal injuries, incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and

6

other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; suffered physical disability; incurred loss of income; future earning potential and incurred other injuries and damages of a personal and pecuniary nature.

22.     As a direct and proximate result of the action and omissions of the defendants, they breached any and all duties owed to the plaintiff as aforesaid, causing Pamela Abney to suffer actual, compensatory, incidental, and consequential damages. Further, an award of exemplary or punitive damages in an amount sufficient to punish and deter the defendants from engaging in similar conduct in the future is therefore appropriate and would serve the citizens of St. Charles County, Missouri, the citizens of Missouri, the citizens of the United States of America and the public interest.

23.     Under the terms of the Americans with Disabilities Act, the plaintiff is entitled to an award of attorney's fees.

**WHEREFORE**, the Plaintiff, Pamela Abney, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.,** pray for judgment against the Defendants, City of St. Charles Missouri Police Department, Officer Hancock Badge 343, Chief of Police Randall D. Mckinley, St. Charles Missouri Police Department, And St. Charles County, Missouri, in an amount sufficient to compensate Pamela Abney for her damages, for the costs of this action, attorney's fees, for punitive damages in an amount sufficient to punish the Defendants and to deter said Defendants and other governmental entities from engaging in similar conduct in the future and for all other just and proper relief in the premises.

JURY TRIAL DEMANDED

**COUNT II**
**VIOLATION OF SECTION 504 OF THE REHABILITATION ACT IN**
**CONTRADICTION OF 29 U.S.C. 794**

Comes now the Plaintiff, PAMELA ABNEY, by counsel, Letisha Luecking Orlet

of **LETISHA LUECKING ORLET, P.C.**, and for her cause of action against the

Defendants, CITY OF ST. CHARLES MISSOURI POLICE DEPARTMENT, OFFICER

HANCOCK BADGE 343, CHIEF OF POLICE RANDALL D. MCKINLEY, ST.

CHARLES MISSOURI POLICE DEPARTMENT, and ST. CHARLES COUNTY,

MISSOURI allege and state as follows:

24.    Plaintiff repeats and re-alleges the allegations contained in rhetorical

paragraphs one (1) through twenty-three (23) above, including sub-parts, as rhetorical

paragraph twenty-four (24) of Count II of this cause of action.

25.    Under the terms of Section 504 of the Rehabilitation Act, no otherwise

qualified handicapped individual shall by reason of his or her handicap be excluded from

participation in, be denied the benefits of, or be subject to discrimination under any

program or activity receiving federal financial assistance.

26.    Under the terms of the Rehabilitation Act, a disability is defined as a

physical or mental impairment that substantially limits one or more major life activities

of such individual and/or a record of such impairment.

27.    Under the terms of the Rehabilitation Act, major life activities include, but

are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating,

sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading,

concentrating, thinking, communicating, and working.

8

28.     On and before November 21, 2012, the plaintiff, Pamela Abney, was a disabled individual, possessing impairment to a major life activity, including, but not limited to, hearing.

29.     On and before November 21, 2012, the defendants, City of Saint Charles Police Department, St. Charles County, Missouri, and Officer Hancock, Badge 343, were classified as a "state and local law enforcement agency" under the terms of Rehabilitation Act.

30.     Under the terms of the Rehabilitation Act, the term "qualified individual with a disability" are persons who meet normal and essential eligibility requirements.

31.     On and before November 21, 2012, the plaintiff, Pamela Abney, was a "qualified individual with a disability."

32.     On or about November 21, 2012, the defendants breached said duty owed to the plaintiff, thereby causing the plaintiff, Pamela Abney, personal and pecuniary injuries and, further, violating her rights under the Rehabilitation Act.

33.     On or about November 21, 2012, the defendants owed a duty to the Plaintiff, Pamela Abney, to ensure that, under the terms of the Rehabilitation Act, no otherwise qualified handicapped individual shall by reason of his or her handicap be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving federal financial assistance. Notwithstanding, the defendant breached their duty to the Plaintiff in one or more of the following respects:

A.     The defendants intentionally discriminated against the plaintiff on account of her deafness during the majority, if not all, of her encounters with the defendants, including, but not limited to, investigation, during and after arrest, and/or in the context of use of force against her by the defendants;

9

O.      The defendants failed to use the same due care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

34.     As a direct and proximate result of the aforementioned acts and omissions by the defendants, the plaintiff was injured and sustained permanent and severe personal injuries, incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; suffered physical disability; incurred loss of income; future earning potential and incurred other injuries and damages of a personal and pecuniary nature.

35.     As a direct and proximate result of the action and omissions of the defendants, they breached any and all duties owed to the plaintiff as aforesaid, causing Pamela Abney to suffer actual, compensatory, incidental, and consequential damages. Further, an award of exemplary or punitive damages in an amount sufficient to punish and deter the defendants from engaging in similar conduct in the future is therefore appropriate and would serve the citizens of St. Charles County, Missouri, the citizens of Missouri, the citizens of the United States of America and the public interest.

36.     Under the terms of the Rehabilitation Act, the plaintiff is entitled to an award of attorney's fees.

**WHEREFORE**, the Plaintiff, Pamela Abney, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.,** pray for judgment against the Defendants, City of St. Charles Missouri Police Department, Officer Hancock Badge 343, Chief of Police Randall D. Mckinley, St. Charles Missouri Police Department, And St. Charles County, Missouri, in an amount sufficient to compensate Pamela Abney for her damages,

for the costs of this action, attorney's fees, for punitive damages in an amount sufficient to punish the Defendants and to deter said Defendants and other governmental entities from engaging in similar conduct in the future and for all other just and proper relief in the premises.

### COUNT III
### VIOLATION OF THE PLAINTIFF'S FOURTH AMENDMENT RIGHTS IN CONTRADICTION OF THE U.S. CONSTITUTION

Comes now the Plaintiff, PAMELA ABNEY, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.**, and for her cause of action against the Defendants, CITY OF ST. CHARLES MISSOURI POLICE DEPARTMENT, OFFICER HANCOCK BADGE 343, CHIEF OF POLICE RANDALL D. MCKINLEY, ST. CHARLES MISSOURI POLICE DEPARTMENT, and ST. CHARLES COUNTY, MISSOURI allege and state as follows:

37.     Plaintiff repeats and re-alleges the allegations contained in rhetorical paragraphs one (1) through thirty-six (36) above, including sub-parts, as rhetorical paragraph thirty-seven (37) of Count III of this cause of action.

38.     Under the terms of 4th Amendment to the United States Constitution, a citizen possesses the constitutional right not to be subjected to the use of excessive force by a police officer.

39.     On and before November 21, 2012, the plaintiff was a citizen of the United States of America and, thus, was protected under the rights of the 4th Amendment to the United States Constitution.

40.     Because of the plaintiff's standing as a United States citizen, the defendants possessed an affirmative duty to refrain from using excessive force against the plaintiff during the course of any such investigation, detainment and/or arrest.

13

41.    On and before November 21, 2012, the plaintiff, Pamela Abney, was a disabled individual, possessing impairment to a major life activity, including, but not limited to, hearing.

42.    On or about November 21, 2012, the defendants, individually and by and through Officer Hancock, breached said duty owed to the plaintiff, thereby allowing and/or otherwise causing the plaintiff, Pamela Abney, personal and pecuniary injuries and, further, violating her rights under the 4th Amendment to the United States Constitution.

43.    On or about November 21, 2012, the defendants, individually and by and through Officer Hancock, owed a duty to the Plaintiff, Pamela Abney, to ensure that, under the terms of the 4th Amendment to the United States Constitution, they refrained from using excess force against the plaintiff. Notwithstanding, the defendants breached their duty to the Plaintiff in one or more of the following respects:

A.    The defendants, individually and by and through Officer Hancock, did allow and/or otherwise cause the plaintiff to be intentionally, harmfully and offensively struck and/or touched the plaintiff in a rude, insolent, or angry manner, sufficient to constitute excessive force in the investigation, detainment and/or arrest of the plaintiff;

B.    The defendants, individually and by and through Officer Hancock, breached its affirmative duty to the plaintiff to refrain from the use of excessive force against the plaintiff in all stages of investigation, detainment and arrest in violation of the 4th Amendment to the United States Constitution;

14

JURY TRIAL DEMANDED

C.     The defendants, individually and by and through Officer Hancock, upon striking and/or excessively touching the plaintiff, did allow and/or otherwise cause her serious bodily injury;

D.     The defendants, individually and by and through Officer Hancock, upon striking and/or excessively touching the plaintiff, did allow and/or otherwise cause the plaintiff to seek medical attention;

E.     The defendants, individually by and through Officer Hancock, did allow and/or otherwise cause the plaintiff to be diagnosed with a concussion and/or brain injury based upon said unlawful striking and/or touching; and

F.     The defendants, individually and by and through Officer Hancock, failed to use the same due care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

44.     As a direct and proximate result of the aforementioned acts and omissions by the defendants, the plaintiff was injured and sustained permanent and severe personal injuries, incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; suffered physical disability; incurred loss of income; future earning potential and incurred other injuries and damages of a personal and pecuniary nature.

45.     As a direct and proximate result of the action and omissions of the defendants, they breached any and all duties owed to the plaintiff as aforesaid, causing Pamela Abney to suffer actual, compensatory, incidental, and consequential damages. Further, an award of exemplary or punitive damages in an amount sufficient to punish and deter the defendants from engaging in similar conduct in the future is therefore

15

appropriate and would serve the citizens of St. Charles County, Missouri, the citizens of Missouri, the citizens of the United States of America and the public interest.

46.     Due to the defendant's actions and/or omissions, the plaintiff is entitled to an award of attorney's fees.

47.     In addition, as a result of the defendants' reckless disregard for the laws of the United States and the laws of the State of Missouri and the safety of the plaintiff, said conduct constituted willful and wanton misconduct.

48.     As a direct and proximate result of the defendants' willful and wanton misconduct, an award of exemplary or punitive damages in an amount sufficient to punish and deter the defendants from engaging in similar conduct in the future is appropriate and would serve the public interest.

**WHEREFORE**, the Plaintiff, Pamela Abney, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.,** pray for judgment against the Defendants, City of St. Charles Missouri Police Department, Officer Hancock Badge 343, Chief of Police Randall D. Mckinley, St. Charles Missouri Police Department, And St. Charles County, Missouri, in an amount sufficient to compensate Pamela Abney for her damages, for the costs of this action, attorney's fees, for punitive damages in an amount sufficient to punish the Defendants and to deter said Defendants and other governmental entities from engaging in similar conduct in the future and for all other just and proper relief in the premises.

## COUNT IV
### USE OF EXCESSIVE FORCE IN CONTRADICTION OF 42 U.S.C. § 1983

Comes now the Plaintiff, PAMELA ABNEY, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.,** and for her cause of action against the Defendants, CITY OF ST. CHARLES MISSOURI POLICE DEPARTMENT, OFFICER

16

HANCOCK BADGE 343, CHIEF OF POLICE RANDALL D. MCKINLEY, ST. CHARLES MISSOURI POLICE DEPARTMENT, and ST. CHARLES COUNTY, MISSOURI allege and state as follows:

49.    Plaintiff repeats and re-alleges the allegations contained in rhetorical paragraphs one (1) through forty-eight (48) above, including sub-parts, as rhetorical paragraph forty-nine (49) of Count IV of this cause of action.

50.    Under the terms of 42 U.S.C. 1983, a citizen possesses the constitutional right not to be subjected to the use of excessive force by a police officer.

51.    On and before November 21, 2012, the plaintiff was a citizen of the United States of America and, thus, was protected under the rights of 42 U.S.C. 1983.

52.    Because of the plaintiff's standing as a United States citizen, the defendants possessed an affirmative duty to refrain from using excessive force against the plaintiff during the course of any such investigation, detainment and/or arrest.

53.    On and before November 21, 2012, the plaintiff, Pamela Abney, was a disabled individual, possessing impairment to a major life activity, including, but not limited to, hearing.

54.    On and before November 21, 2012, the defendants were, individually and by and through Officer Hancock, acting under color of state law.

55.    On or about November 21, 2012, the defendants, individually and by and through Officer Hancock, breached said duty owed to the plaintiff, thereby allowing and/or otherwise causing the plaintiff, Pamela Abney, personal and pecuniary injuries and, further, violating her rights under 42 U.S.C. 1983.

56.    On or about November 21, 2012, the defendants, individually and by and through Officer Hancock, owed a duty to the Plaintiff, Pamela Abney, to ensure that,

JURY TRIAL DEMANDED

under the terms of 42 U.S.C. 1983, they refrained from using excess force against the plaintiff. Notwithstanding, the defendants breached their duty to the Plaintiff in one or more of the following respects:

      A.    The defendants, individually and by and through Officer Hancock, did allow and/or otherwise cause the plaintiff to be intentionally, harmfully and offensively struck and/or touched the plaintiff in a rude, insolent, or angry manner, sufficient to constitute excessive force in the investigation, detainment and/or arrest of the plaintiff;

      B.    The defendants, individually and by and through Officer Hancock, breached its affirmative duty to the plaintiff to refrain from the use of excessive force against the plaintiff in all stages of investigation, detainment and arrest in violation of the 4th Amendment to the United States Constitution;

      C.    The defendants, individually and by and through Officer Hancock, upon striking and/or excessively touching the plaintiff, did allow and/or otherwise cause her serious bodily injury;

      D.    The defendants, individually and by and through Officer Hancock, upon striking and/or excessively touching the plaintiff, did allow and/or otherwise cause the plaintiff to seek medical attention;

      E.    The defendants, individually by and through Officer Hancock, did allow and/or otherwise cause the plaintiff to be diagnosed with a concussion and/or brain injury based upon said unlawful striking and/or touching; and

      F.    The defendants, individually and by and through Officer Hancock, failed to use the same due care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

18

57.     As a direct and proximate result of the aforementioned acts and omissions by the defendants, the plaintiff was injured and sustained permanent and severe personal injuries, incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; suffered physical disability; incurred loss of income; future earning potential and incurred other injuries and damages of a personal and pecuniary nature.

58.     As a direct and proximate result of the action and omissions of the defendants, they breached any and all duties owed to the plaintiff as aforesaid, causing Pamela Abney to suffer actual, compensatory, incidental, and consequential damages. Further, an award of exemplary or punitive damages in an amount sufficient to punish and deter the defendants from engaging in similar conduct in the future is therefore appropriate and would serve the citizens of St. Charles County, Missouri, the citizens of Missouri, the citizens of the United States of America and the public interest.

59.     Due to the defendans' actions and/or omissions, the plaintiff is entitled to an award of attorney's fees.

60.     In addition, as a result of the defendants' reckless disregard for the laws of the United States and the laws of the State of Missouri and the safety of the plaintiff, said conduct constituted willful and wanton misconduct.

61.     As a direct and proximate result of the defendants' willful and wanton misconduct, an award of exemplary or punitive damages in an amount sufficient to punish and deter the defendants from engaging in similar conduct in the future is appropriate and would serve the public interest.

19

JURY TRIAL DEMANDED

**WHEREFORE**, the Plaintiff, Pamela Abney, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.,** pray for judgment against the Defendants, City of St. Charles Missouri Police Department, Officer Hancock Badge 343, Chief of Police Randall D. Mckinley, St. Charles Missouri Police Department, And St. Charles County, Missouri, in an amount sufficient to compensate Pamela Abney for her damages, for the costs of this action, attorney's fees, for punitive damages in an amount sufficient to punish the Defendants and to deter said Defendants and other governmental entities from engaging in similar conduct in the future and for all other just and proper relief in the premises.

### COUNT V
### FAILURE TO TRAIN POLICE OFFICER BY THE DEFENDANTS, CITY OF SAINT CHARLES POLICE DEPARTMENT AND ST. CHARLES COUNTY, MISSOURI

Comes now the Plaintiff, PAMELA ABNEY, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.,** and for her cause of action against the Defendants, CITY OF ST. CHARLES MISSOURI POLICE DEPARTMENT, OFFICER HANCOCK BADGE 343, CHIEF OF POLICE RANDALL D. MCKINLEY, ST. CHARLES MISSOURI POLICE DEPARTMENT, and ST. CHARLES COUNTY, MISSOURI allege and state as follows:

62.    Plaintiff repeats and re-alleges the allegations contained in rhetorical paragraphs one (1) through sixty-one (61) above, including sub-parts, as rhetorical paragraph sixty-two (62) of Count V of this cause of action.

63.    At all times relevant herein, the plaintiff, Pamela Abney, was legally deaf in both her right and left ears in accordance with the Americans with Disabilities Act.

64.    On or about November 21, 2012, Officer Hancock of the City of St. Charles Police Department arrested the plaintiff, Pamela Abney upon charges of Assault

20

3rd on Law Enforcement Officer (Ordinance 215.600); Interfering with the Duties of a Police Officer (Ordinance 215.635); and Resisting Arrest (Ordinance 215.630).

65.     After being discharged from the City of St. Charles Police Department, the plaintiff, Pamela Abney, was required to seek medical attention, wherein she was diagnosed with bodily injury, including, but not limited to, a concussion and brain injury resulting from her interaction with the City of St. Charles Police Department and Officer Hancock.

66.     On and before November 21, 2012, the defendants owed an affirmative duty and/or otherwise a duty to the plaintiff to adequately train its officers in the process of dealing with individuals with disability, such as that of the plaintiff.

67.     On or about November 21, 2012, the defendants breached said duty owed to the plaintiff, thereby causing the plaintiff, Pamela Abney, personal and pecuniary injuries.

68.     On or about November 21, 2012, the defendantd, City of Saint Charles Police Department and St. Charles County, Missouri, owed a duty to the Plaintiff, Pamela Abney, to ensure that the officers of the City of Saint Charles and/or St. Charles County, Missouri, were adequately trained in any and all processes regarding dealing with individuals with disabilities, including, but not limited to, the plaintiff. Notwithstanding, the defendants breached their duty to the Plaintiff in one or more of the following respects:

A.     The defendants intentionally discriminated against the plaintiff on account of her deafness during the majority, if not all, of her encounters with the defendants, including, but not limited to, investigation, during and after arrest, and/or in the context of use of force against her by the defendants;

21

JURY TRIAL DEMANDED

B.     The defendants breached their affirmative duty to the plaintiff to create policies or procedures to prevent discrimination based on disability in violation of the Americans with Disabilities Act and the Rehabilitation Act;

C.     The defendants failed to follow their policies or procedures to prevent discrimination and injury based on disability in violation of the Americans with Disabilities Act and the Rehabilitation Act;

D.     The defendants knew that the plaintiff was deaf and yet refused to communicate with her in a way that the plaintiff could understand;

E.     The defendants failed to afford the plaintiff equal access to any and all public services afforded to the public by the defendants;

F.     The defendants failed to afford equally effective services to individuals with disabilities, including, but not limited to, the plaintiff, for any and all such public services afforded to the public by the defendants;

G.     The defendants failed to take appropriate steps to ensure that communications with applicants, participants and members of the public, including, but not limited to, the plaintiff, are as effective as communications with individuals of the public which do not possess a disability or are not otherwise a qualified individual with a disability under the terms of the Americans with Disabilities Act and/or the Rehabilitation Act;

H.     The defendants failed to furnish appropriate auxiliary aids and services where necessary to afford an individual, including, but not limited to, one with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity conducted or otherwise performed by a public entity;

22

I.      The defendants failed to give primary consideration to the requests of the individual which possessed the disability, including, but not limited to, the plaintiff;

J.      The defendants, despite the plaintiff's disabled condition and status as a qualified individual with a disability under the terms of the Americans with Disabilities Act and/or the Rehabilitation Act, maintained a systematic and continuous deliberate indifference towards the plaintiff;

K.      The defendants formulated, implemented, and exercised business practice, policies and procedures for their own benefit in breach of their duty owed to and contrary to the interest of the plaintiff and other disabled individuals seeking the services of the defendants which are willfully oppressive, malicious, grossly negligent and/or reckless; and

L.      The defendants failed to use the same due care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

69.     As a direct and proximate result of the aforementioned acts and omissions by the defendants, the plaintiff was injured and sustained permanent and severe personal injuries, incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; suffered physical disability; incurred loss of income; future earning potential and incurred other injuries and damages of a personal and pecuniary nature.

70.     As a direct and proximate result of the action and omissions of the defendants, they breached any and all duties owed to the plaintiff as aforesaid, causing

23

JURY TRIAL DEMANDED

Pamela Abney to suffer actual, compensatory, incidental, and consequential damages. Further, an award of exemplary or punitive damages in an amount sufficient to punish and deter the defendants from engaging in similar conduct in the future is therefore appropriate and would serve the citizens of St. Charles County, Missouri, the citizens of Missouri, the citizens of the United States of America and the public interest.

**WHEREFORE**, the Plaintiff, Pamela Abney, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.,** pray for judgment against the Defendants, City of St. Charles Missouri Police Department, Officer Hancock Badge 343, Chief of Police Randall D. Mckinley, St. Charles Missouri Police Department, And St. Charles County, Missouri, in an amount sufficient to compensate Pamela Abney for her damages, for the costs of this action, attorney's fees, for punitive damages in an amount sufficient to punish the Defendants and to deter said Defendants and other governmental entities from engaging in similar conduct in the future and for all other just and proper relief in the premises.

**COUNT VI**
**VIOLATION OF MISSOURI STATE LAW, TO WIT: HUMAN RIGHTS UNDER**
**MISSOURI STATUTE 213.065**

Comes now the Plaintiff, PAMELA ABNEY, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.**, and for her cause of action against the Defendants, CITY OF ST. CHARLES MISSOURI POLICE DEPARTMENT, OFFICER HANCOCK BADGE 343, CHIEF OF POLICE RANDALL D. MCKINLEY, ST. CHARLES MISSOURI POLICE DEPARTMENT, and ST. CHARLES COUNTY, MISSOURI allege and state as follows:

24

71.    Plaintiff repeats and re-alleges the allegations contained in rhetorical paragraphs one (1) through seventy (70) above, including sub-parts, as rhetorical paragraph seventy-one (71) of Count VI of this cause of action.

72.    At all times relevant herein, the plaintiff, Pamela Abney, was legally deaf in both her right and left ears in accordance with the Americans with Disabilities Act.

73.    On or about November 21, 2012, Officer Hancock of the City of St. Charles Police Department arrested the plaintiff, Pamela Abney upon charges of Assault 3rd on Law Enforcement Officer (Ordinance 215.600); Interfering with the Duties of a Police Officer (Ordinance 215.635); and Resisting Arrest (Ordinance 215.630).

74.    After being discharged from the City of St. Charles Police Department, the plaintiff, Pamela Abney, was required to seek medical attention, wherein she was diagnosed with bodily injuries, including, but not limited to, a concussion and brain injury resulting from her interaction with the City of St. Charles Police Department and Officer Hancock.

75.    Under the terms of the Missouri Human Rights Statute, all persons are free and equal and shall be entitled to full and equal enjoyment and access to any and all state services and/or programs and/or otherwise place of accommodation without discrimination as to disability.

76.    On and before November 21, 2012, the plaintiff, Pamela Abney, was a qualified individual with a disability.

77.    On and before November 21, 2012, due to the plaintiff, Pamela Abney's, status as a disabled person and qualified individual with a disability, the defendants owed an affirmative duty and/or otherwise a duty to the plaintiff.

78.    On or about November 21, 2012, the defendants breached said duty owed to the plaintiff, thereby causing the plaintiff, Pamela Abney, personal and pecuniary injuries and, further, violating her rights under the Missouri Human Rights Statute.

79.    On or about November 21, 2012, the defendants owed a duty to the Plaintiff, Pamela Abney, to ensure that, under the terms of the Missouri Human Rights Statute, no qualified individual with a disability, by reason of such disability, is excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity, in a reasonable and prudent manner. Notwithstanding, the defendants breached their duty to the Plaintiff in one or more of the following respects:

A.    The defendants intentionally discriminated against the plaintiff on account of her deafness during the majority, if not all, of her encounters with the defendant, including, but not limited to, investigation, during and after arrest, and/or in the context of use of force against her by the defendant;

B.    The defendants breached their affirmative duty to the plaintiff to create policies or procedures to prevent discrimination based on disability in violation of the Missouri Human Rights Statute;

C.    The defendants failed to follow their policies or procedures to prevent discrimination and injury based on disability in violation of the Missouri Human Rights Statute;

D.    The defendants knew that the plaintiff was deaf and yet refused to communicate with her in a way that the plaintiff could understand;

E.    The defendants failed to afford the plaintiff equal access to any and all public services afforded to the public by the defendant;

26

F.    The defendants failed to afford equally effective services to individuals with disabilities, including, but not limited to, the plaintiff, for any and all such public services afforded to the public by the defendant;

G.    The defendants failed to take appropriate steps to ensure that communications with applicants, participants and members of the public, including, but not limited to, the plaintiff, are as effective as communications with individuals of the public which do not possess a disability or are not otherwise a qualified individual with a disability under the terms of the Missouri Human Rights Statute;

H.    The defendants failed to furnish appropriate auxiliary aids and services where necessary to afford an individual, including, but not limited to, one with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program or activity conducted or otherwise performed by a public entity;

I.    The defendants failed to give primary consideration to the requests of the individual which possessed the disability, including, but not limited to, the plaintiff;

J.    The defendants, despite the plaintiff's disabled condition and status as a qualified individual with a disability under the terms of the Missouri Human Rights Statute, maintained a systematic and continuous deliberate indifference towards the plaintiff;

K.    The defendants formulated, implemented, and exercised business practice, policies and procedures for their own benefit in breach of their duty owed to and contrary to the interest of the plaintiff and other disabled individuals seeking the services of the Defendants which are willfully oppressive, malicious, grossly negligent and/or reckless; and

27

L.      The defendants failed to use the same due care and/or caution that a reasonably prudent person would have used under the same or substantially similar circumstances.

80.      As a direct and proximate result of the aforementioned acts and omissions by the defendants, the plaintiff was injured and sustained permanent and severe personal injuries, incurred and will incur hospital, diagnostic, therapeutic, pharmaceutical, and other medical expenses; suffered and will suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; suffered physical disability; incurred loss of income; future earning potential and incurred other injuries and damages of a personal and pecuniary nature.

81.      As a direct and proximate result of the action and omissions of the defendants, they breached any and all duties owed to the plaintiff as aforesaid, causing Pamela Abney to suffer actual, compensatory, incidental, and consequential damages. Further, an award of exemplary or punitive damages in an amount sufficient to punish and deter the defendants from engaging in similar conduct in the future is therefore appropriate and would serve the citizens of St. Charles County, Missouri, the citizens of Missouri, the citizens of the United States of America and the public interest.

**WHEREFORE**, the Plaintiff, Pamela Abney, by counsel, Letisha Luecking Orlet of **LETISHA LUECKING ORLET, P.C.,** pray for judgment against the Defendants, City of St. Charles Missouri Police Department, Officer Hancock Badge 343, Chief of Police Randall D. Mckinley, St. Charles Missouri Police Department, And St. Charles County, Missouri, in an amount sufficient to compensate Pamela Abney for her damages, for the costs of this action, attorney's fees, for punitive damages in an amount sufficient to punish the Defendants and to deter said Defendants and other governmental entities

28

JURY TRIAL DEMANDED

from engaging in similar conduct in the future and for all other just and proper relief in the premises.

Respectfully submitted,

**Letisha Luecking Orlet, P.C.**


Letisha Luecking Orlet,
IL #6306478, MO #64526
Attorney for Plaintiff
Letisha Luecking Orlet, P.C.
236 East St. Louis St.
Nashville, IL  62263
(P) 618-464-0400
(F) 800-564-8309
lorletlaw@gmail.com

## JURY DEMAND

Comes now the Plaintiff, by counsel, and hereby demands a trial by jury on all issues presented by way of this litigation.


Letisha Luecking Orlet
Attorney for Plaintiff


LETISHA LUECKING ORLET, P.C.
Letisha Luecking Orlet,
IL #6306478, MO #64526
Attorney for Plaintiff
236 East St. Louis St.
Nashville, IL  62263
(P) 618-464-0400
(F) 800-564-8309
lorletlaw@gmail.com

29